UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AUTUMN WIND LENDING, LLC                                    Plaintiff

v.                                          Civil Action No. 3:22-cv-255-RGJ

JOHN J. SIEGEL, *et al.*                                    Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Cecelia Financial Management, LLC ("Cecelia"), Halas Energy, LLC ("Halas"), and Oasis Aviation LLC ("Oasis" together with Cecelia and Halas, "Defendants") moved the Court to reconsider its Order [DE 46] denying Defendants' motion to dismiss. [DE 49]. Plaintiff Autumn Wind Lending, LLC ("AWL") responded. [DE 51]. Defendants did not reply, and the time for doing so has passed. Briefing is complete, and the matter is ripe. For the reasons below, Defendants' Motion to Reconsider [DE 49] is **GRANTED** and AWL's Amended Complaint [DE 24] is **DISMISSED**.

## I.      BACKGROUND

The facts are detailed in the Court's Order on Defendants' motion to dismiss. [DE 46]. At issue is the Court's ruling on Defendants' motion to dismiss. The Court denied Defendants' motion to dismiss, which was based on res judicata related to non-party Insight Terminal Solutions' ("ITS") bankruptcy. [DE 46]. Defendants now move the Court to vacate portions of its Memorandum Opinion & Order denying their motion to dismiss. [DE 49].

## II.     STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A

1

district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).

Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted).

"It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). When a party views the law in a light contrary to that of this Court, its proper recourse is not a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *United States v. Smith*, No. 3:08-cr-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May 2012) (quoting *Roger Miller Music*, 477 F.3d at 395).

For these reasons, the Sixth Circuit instructs that a motion for reconsideration should be granted only in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and

citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### III.   ANALYSIS

Defendants make three arguments in support of their motion for reconsideration: (1) John J. Siegel ("Siegel") must be dismissed because he is deceased, (2) AWL's tortious interference claims are barred res judicata because of an order in *Insight Terminal Solutions, LLC v. Cecelia Financial Management, LLC, et al.*, Adv. No. 21-03013-jal (Bankr. W.D. Ky.) ("Adversary Proceeding"),[1] and (3) AWL's tortious interference claims against Defendants are barred by AWL's proposed Chapter 11 Plan of Reorganization [DE 39-1 ("Plan")]. [DE 49]. In response, AWL contends that Defendants have not identified a basis for reconsideration and that Defendants cannot satisfy the requirements of res judicata. [DE 51]. The Court will address Defendants' arguments in the order presented.

#### A. Siegel

Defendants argue for the first time that Count 1 must be dismissed pursuant to Federal Rule of Civil Procedure 25 because Siegel is deceased.[2] [DE 49 at 527–28]. AWL did not respond to this argument. [DE 51]. Rule 25 provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[1] The parties refer to the Adversary Proceeding in their briefs with the incorrect case number. [DE 49 at 529; DE 51 at 597]. This is the same Adversary Proceeding that was noted in the Court's Order on Defendants' motion to dismiss. [DE 416 at 513].
[2] Count 1 of the Amended Complaint alleges fraud against Siegel. [DE 24 at 331].

Fed. R. Civ. P. 25(a)(1).  However, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."  *Smith*, 2012 WL 1802554, at *1 (quoting *Roger Miller Music*, 477 F.3d at 395).  "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued."  *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

A closer review of the record indicates that this issue is not as clear as Defendants suggest. Defendants filed Siegel's suggestion of death on April 18, 2022.  [DE 18].  Three days later, AWL filed a letter explaining that it "will file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which will . . . replace Mr. Siegel, who is deceased, with the executor or administrator of his estate (once named)[.]"  [DE 21 at 173].  On April 28, 2022, AWL filed an amended complaint naming John Doe, as Executor or Personal Representative of the Estate of John J. Siegel, as a defendant.  [DE 24 at 318].  Although parties may be substituted under Rule 25, AWL chose to amend its complaint and add the executor of Siegel's estate pursuant to Rule 15(a)(1)(B).  [DE 21 at 173].  Defendants did not object to the amendment.  Moreover, Defendants did not raise this issue in their motion to dismiss.  [DE 39].  Defendants cannot use their motion for reconsideration to raise new legal arguments that could have been raised in their motion to dismiss.  *See Smith*, 2012 WL 1802554, at *1.  Because Defendants could have, but did not, raise their argument before the Court ruled on the motion to dismiss, "the argument is barred."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Accordingly, the Court cannot dismiss Count 1.

**B. Res Judicata and the Adversary Proceeding**

Defendants argue that the Bankruptcy Court's Findings of Fact and Conclusions of Law in the Adversary Proceeding ("Adversary Proceeding Judgment") constitute a final judgment that bars the tortious interference claim by res judicata. [DE 49 at 529–30]. In response, AWL contends that Defendants have improperly raised this issue for the first time in a motion for reconsideration. [DE 51 at 600]. It also argues that Defendants fail to satisfy the four requirements of res judicata. [*Id.* at 601].

As a threshold matter, the Court must first determine whether Defendants' argument is appropriate for a motion to reconsider, which would require a clear error of claw, newly discovered evidence, a change in law, or the need to prevent manifest injustice. *See Leisure Caviar, LLC*, 616 F.3d at 615. In the Adversary Proceeding, ITS alleged equitable subordination of the Siegel claims and damages against Siegel for fraud, breach of the initial term loan, and tortious interference with contract as Count VII. [Adv. Pro. DE 1]. On September 24, 2021, ITS, Defendants, Siegel, and Bay Bridge Exports, LLC ("Bay Bridge") stipulated to dismiss Count VII with prejudice ("Stipulation").[3] [DE 49-3]. However, this stipulation was not accompanied by an order or signed by the Bankruptcy Judge. [*Id.*]. On January 11, 2023, the same day this Court issued its Order on Defendants' motion to dismiss, the Bankruptcy Court issued its Adversary Proceeding Judgment. [DE 49-2]. The Bankruptcy Court's Adversary Proceeding Judgment incorporated the Stipulation. [*Id.* at 541]. Because Defendants could not have relied on the stipulation without a final order, the Court finds that Defendants' res judicata argument based on the Adversary proceeding is appropriate for a motion for reconsideration. Accordingly, the Court will address it on the merits.

---

[3] AWL concedes that it inadvertently put "without prejudice" in its Complaint. [DE 51 at 603]. The Court accepts AWL admission that this was an inadvertent mistake and not an intentional misrepresentation.

"The party asserting the defense of res judicata bears the burden of proof." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008).  Res judicata consists of four elements:

> 1. A final decision on the merits in the first action by a court of competent jurisdiction;
>
> 2. The second action involves the same parties, or their privies, as the first;
>
> 3. The second action raises an issue actually litigated or which should have been litigated in the first action;
>
> 4. An identity of the causes of action.

*Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).  AWL concedes that the Adversary Proceeding Judgment constitutes a final decision on the merits, which satisfies the first element of res judicata.[4]  Therefore, the Court will only address elements 2–4.

### i.     The Same Parties or Their Privies

Defendants argue that AWL and ITS are privies because ITS is a wholly owned subsidiary of AWL.  [DE 49 at 531].  AWL contends that it is not in privity with ITS for claims litigated in the Adversary Proceeding.  [DE 51 at 601–602].

Res judicata "bars those in privity with parties from bringing suit later.  Privity in this sense means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prod., Inc.*, 973 F.2d at 481 (citing *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979 (5th Cir. 1990)).  Privity pertains to "[t]he connection or relationship between two parties, each having a legally recognized interest in the same subject matter[.]" *Martin v. JBS Techs., LLC*, 443 F. Supp. 2d 962, 966 (S.D. Ohio 2006)

---

[4] Courts in the Sixth Circuit have held that a stipulation of dismissal with prejudice "indisputably" represents "an adjudication on the merits." *Arias v. Napolitano*, No. 2:13-CV-248, 2014 WL 2987109, at *3 (S.D. Ohio July 2, 2014), *aff'd*, 599 F. App'x 242 (6th Cir. 2015) (quoting *Johnson v. UAW*, No. 83-1573, 1984 U.S. App. LEXIS 13490, at *6 (6th Cir. Dec. 7, 1984)).

(quoting Black's Law Dictionary 1217 (7th ed. 1999)).  Privity not only looks at the identity of the

parties, but also looks to whether the later action "involv[es] the same cause of action."  *Waste*

*Mgmt. of Ohio, Inc. v. City of Dayton*, 169 F. App'x 976, 984 (6th Cir. 2006).

In the Adversary Proceeding, ITS alleged claims against Defendants, Siegel, and Bay

Bridge.  [Adv. Pro. DE 1].  Defendants were all parties to the Adversary Proceeding.  [*Id.*].

Although AWL was not a party to the Adversary Proceeding, ITS is a wholly owned subsidiary of

AWL.  [DE 51 at 601–602].  AWL became the parent company of ITS upon confirmation of the

Plan.  [DE 39-1].  The Plan was confirmed on November 3, 2020.  [DE 39-2].  However, the

Adversary Proceeding was not commenced until April 12, 2021.  [Adv. Pro. DE 1].  Although

AWL did not own ITS when the claim occurred, it did own ITS when the adversary proceeding

commenced.  [*Id.*].  The Sixth Circuit has found parent companies and their subsidiaries in privity

for the purpose of res judicata.  *See Adelson v. Ocwen Fin. Corp.*, No. 17-1917, 2018 WL 7226966,

at *5 (6th Cir. Aug. 20, 2018).  While AWL did not own ITS when the alleged tort occurred, ITS

could represent AWL's interests when it initiated the Adversary Proceeding.  The Court concludes

that AWL's "interests were adequately represented" in the Adversary Proceeding because it owned

ITS at the time the action was commenced.  *Sanders Confectionery Prod., Inc.*, 973 F.2d at 481.

ITS's allegations in the adversary proceeding went beyond equitable subordination and

included claims against Siegel for fraud and Defendants for tortious interference with contract.

[Adv. Pro. DE 1 at ¶¶ 166–78].  Count VII of the Complaint in the Adversary Proceeding requests

equitable subordination of the Siegal Claims,[5] but also asks the Bankruptcy Court to award ITS

damages for Defendants' tortious interference and Siegal's related fraud.  [*Id.* at ¶¶ 166–78, g.].

The Adversary Proceeding Judgment concluded that the Stipulation dismissed "with prejudice

---

[5] The Adversary Proceeding Complaint defines the "Siegal Claims" as the proof of claims filed by
Defendants in ITS's bankruptcy action.  [*Id.* at ¶ 1].

ITS's fraud claim." [DE 49-2 at 541]. Likewise, AWL now alleges claims against Siegel for fraud

and Defendants for tortious interference with contract. [DE 1 at 14–16]. Therefore, the Court finds

that this action and the Adversary Proceeding both "involv[e] the same cause[s] of action." *Waste*

*Mgmt. of Ohio, Inc.*, 169 F. App'x at 984. Because the Adversary Proceeding and this action

involve the same parties and the same causes of action, the Court finds that Defendants have

satisfied their burden to prove privity. *Winget*, 537 F.3d at 572.

ii.    *An Issue Actually Litigated or Should Have Been Litigated*

Defendants argue that AWL's claims could have been litigated on their merits in the

Adversary Proceeding had ITS not agreed to dismiss them with prejudice. [DE 49 at 531]. In

response, AWL contends that the claims could not have been litigated in the Adversary Proceeding

because they belonged to AWL and not ITS. [DE 51 at 503].

A "plaintiff's voluntary dismissal with prejudice . . . has the same practical effect as a Rule

12(b)(6) dismissal on the merits." *Joe Hand Promotions, Inc. v. Simpson*, No. 3:20-CV-00640,

2022 WL 1206309, at *2 (M.D. Tenn. Apr. 22, 2022) (citing *Warfield v. AlliedSignal TBS*

*Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) ("A voluntary dismissal with prejudice operates

as a final adjudication on the merits and has a res judicata effect.")). Although AWL mistakenly

represented that their claims in the Adversary Proceeding were dismissed without prejudice, the

Adversary Proceeding Judgment [49-2 at 541] and the Stipulation [DE 49-3 at 591] both indicate

that the claims were dismissed with prejudice. Therefore, the Adversary Proceeding Judgment

dismissing ITS's claims with prejudice had "the same practical effect as a Rule 12(b)(6) dismissal

on the merits." *Joe Hand Promotions, Inc.*, 2022 WL 1206309, at *2. Because ITS's claims were

dismissed with prejudice on their merits, Defendants satisfied the third element of res judicata.

*See id.*

        *iii.*    *An Identity of the Causes of Action*

Defendants allege that the causes of action here are based on identical facts as the tortious interference claims in the Adversary Proceeding. [DE 49 at 531]. In response, AWL argues that the claims alleged in the Adversary Proceeding are not identical to the claims alleged here because ITS's complaint asked the Bankruptcy Court to disallow, reduce, and/or recharacterize as equity the debt evidenced by Proof of Claim 1-1. [DE 51 at 602–603].

"Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Sanders Confectionery Prod., Inc.*, 973 F.2d at 481 (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). Although ITS asked the Bankruptcy Court to equitably subordinate the Siegel Claims, ITS also asked for damages for fraud, breach of the initial term loan, and/or tortious interference with contract. [Adv. Pro. DE 1 at ¶¶ 166–78]. The fraud and tortious interference claims alleged in the Adversary Proceeding were based on the same loan documents as the claims alleged in the Complaint. [*Compare id.* at ¶¶ 27–34 *with* DE 1 at 4–7]. The claims were also based on Siegel's alleged fraudulent conduct, including his misrepresentations regarding indebtedness. [*Compare* Adv. Pro. DE 1 at ¶ 176 *with* DE 1 at 14–15]. The claims for tortious interference were also based on Defendants' alleged interference with the Initial Term Loan. [*Compare* Adv. Pro. DE 1 at ¶ 175 *with* DE 1 at 15–16]. AWL does little more to rebut Defendants' assertion other than to state that they have failed to prove this element. [DE 51 at 603–604]. Nevertheless, the facts creating the rights of action and the evidence necessary to sustain each cause of action are the same in this proceeding as in the Adversary Proceeding. *See Sanders Confectionery Prod., Inc.*, 973 F.2d at 481. Therefore, Defendants have satisfied the final element of res judicata. *See id.*

Defendants have satisfied their burden to prove all four element of res judicata based on the Adversary Proceeding. *See Winget*, 537 F.3d at 572. The Court must grant Defendants' motion to prevent a manifest injustice. *See Leisure Caviar, LLC*, 616 F.3d at 615. Because Defendants have satisfied their burden, the Court will not consider additional arguments. Accordingly, Defendants' Motion to Reconsider [DE 49] is **GRANTED**. Because this Order effectively grants Defendants' Motion to Dismiss on its merits, AWL's Amended Complaint [DE 24] is **DISMISSED**.

## IV.   CONCLUSION

Having considered the filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1)  Defendants' Motion to Reconsider [DE 49] is **GRANTED** and AWL's Amended Complaint [DE 24] is **DISMISSED**.

Rebecca Grady Jennings, District Judge
United States District Court

May 18, 2023